IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge R. Brooke Jackson

Civil Action No. 1:20-cv-02434-RBJ

DEBORAH LAUFER,

    Plaintiff,

v.

RED DOOR 88, LLC,

    Defendant.

---

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

---

    This matter is before the court on defendant Red Door 88, LLC's motion to dismiss for lack of jurisdiction (standing) (ECF No. 41) and plaintiff Deborah Laufer's motion for leave to file a supplemental complaint (ECF No. 74). For the reasons discussed below, plaintiff's motion to supplement is granted, as is defendant's motion to dismiss.

## I.    BACKGROUND

    Plaintiff Deborah Laufer (plaintiff or Ms. Laufer) uses a wheelchair and requires certain accommodations at places of public accommodations (PPAs). ECF No. 12. at 1–2. Plaintiff alleges that she is an advocate for disability rights and tests hotels and their websites to see if they comply with the ADA. *Id*. at 2.

    Ms. Laufer alleges that defendant owns the Dunes Inn in Alamosa, Colorado, and that that property, as a place of public accommodation, must comply with the ADA. *Id*. at 2–3. She does not allege that she has visited the hotel or that she intends to do so. Rather, she visited the online reservation system (ORS) maintained by defendant. *Id*. at 4. She alleges that it did not

comply with the ADA's requirements laid out in Title III—the ORS does not give disabled patrons the ability to book, review, or request a handicap accessible room. *Id*. at 5. Therefore, she was denied the same goods, services, and accommodations available to the general public. ECF No. 12 at 5–6. She alleges that in the near future she intends to revisit defendant's ORS "in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property." *Id*. at 6. In a declaration attached to her response to the pending motion Ms. Laufer, a resident of Florida, states that she plans to visit Maine, New York, Colorado, Texas and other states, including the area surrounding Alamosa and the Great Sand Dunes National Park, when the Covid crisis abates; that she will need hotels along her route; and that she plans to visit defendant's ORS "as soon as the Covid crisis is over so that I can compare this to other hotels in arranging my upcoming trip." ECF No. 52-1 at 3, 5.

Plaintiff's complaint asserts a claim for violations of Title III and the related provisions of the Colorado Anti-Discrimination Act ("CADA"). *See generally* ECF No. 12. Ms. Laufer requests relief in the form of a declaration that defendant violated Title III of the ADA, prospective injunctive relief, compensatory damages, and attorney's fees and costs. *Id*. Defendant moved to dismiss, asserting that Ms. Laufer does not have standing to maintain this suit. ECF No. 41. Ms. Laufer then filed for leave to file a supplemental complaint. ECF No. 74.

## II.   MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT

### A. <u>Standard of Review</u>

A court may, "on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." <u>Fed.R.Civ.P. 15(d)</u>. Leave to supplement a complaint with "post-complaint

transactions, occurrences or events . . . should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants." *Walker v. United Parcel Serv., Inc.*, 240 F.3d 1268, 1278 (10th Cir.2001) (internal quotation marks omitted).

### B. Analysis

Ms. Laufer has moved for leave to file a supplemental complaint because additional transactions, occurrences, and events have occurred since she filed this suit and since she amended the complaint. *See* ECF No. 74. Defendant responds that the motion is untimely filed, and that if the Court were to grant her motion, it would prejudice the defendant because it would have to prepare a third motion to dismiss.

Leave to supplement should be liberally bestowed where there have been post-complaint transactions, occurrences, or events. Here, there have been such occurrences and events. In July 2021 Ms. Laufer took the cross-country road trip that was only contemplated in her amended complaint. ECF No. 74 at 2. On that trip, and during the time she spent in Colorado, she would seek a hotel that offered accommodations at the end of each day. *Id*. These post-complaint occurrences warrant leave to supplement.

Defendant's concerns about prejudice would arguably be legitimate if it were required to file another motion to dismiss. However, the supplement, which like plaintiff's earlier complaints was filed before the Tenth Circuit's decision in the *Looper* case discussed below, does not cure the standing problem that *Looper* identified. Thus, to avoid unnecessary litigation costs for both parties, I deem defendant's response to the motion to supplement to be, in substance, a motion to dismiss the amended complaint as supplemented. If plaintiff believes that the supplement did cure the standing problem, she has a sufficient record to pursue an appeal.

### III.   MOTION TO DISMISS

**A. <u>Standard of Review</u>**

Rule 12(b)(1) provides for challenges to a court's subject matter jurisdiction. *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1294 (10th Cir. 2003). The court's only task in resolving a Rule 12(b)(1) motion is determining whether it lacks authority to adjudicate the matter. *Glapion v. Castro*, 79 F.Supp.3d 1207, 1212 (D. Colo. 2015) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)). "The issue is not whether plaintiff will ultimately succeed on the merits." *Hanford Downwinders Coalition, Inc. v. Dowdle*, 841 F. Supp. 1050, 1057 (E.D. Wash. 1993). The party asserting subject matter jurisdiction bears the burden of proving that subject matter jurisdiction exists. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

**B. <u>Analysis</u>**

Defendant argues that dismissal is appropriate because plaintiff lacks Article III standing. It claims plaintiff does not complain of a concrete and particularized injury, there is no casual connection between any injury and the conduct complained of, and it is not likely that any injury she suffered would be redressed by a favorable decision by this Court. ECF No. 41 at 4. Ms. Laufer responds that she suffered "informational harm" when reviewing the non-compliant ORS—she claims that her injury was the deprivation of information. ECF No. 52 at 1.

Under Article III of the United States Constitution, federal courts have jurisdiction to hear only certain "cases" and "controversies." *Susan B. Anthony List v. Driehaus*, 134 S. Ct. 2334, 2341 (2014). To satisfy Article III's case or controversy requirement, plaintiff must show: (1) an injury in fact; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood of redressability by a favorable decision. *New Mexico v. Department of Interior*, 854 F.3d 1207, 1214–15 (10th Cir. 2017). Standing may never be

4

assumed "in order to proceed to the merits of the underlying claim, regardless of the claim's significance." *Colo. Outfitters Association v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

For an injury to be particularized, it "must affect the plaintiff in a personal and individual way." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 506 n.1 (1992) . A "concrete" injury must be "real" rather than "abstract." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190 (10th Cir. 2021). Even in the context of a statutory violation, Article III requires that a concrete injury be alleged. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016), as revised (May 24, 2016). To avoid "alleging a bare procedural violation," the plaintiff must show either some harm caused by the violation or a material risk of harm to establish Article III standing. *Id*. at 1550.

This case is one of numerous similar cases that Ms. Laufer has filed in this district and elsewhere. The Tenth Circuit recently addressed one of her cases that had been dismissed by another judge in this district. *Laufer v. Looper,* 22 F.4th 871 (10th Cir. 2022). In that case, Ms. Laufer similarly alleged that she had visited the ORS of the Elk Run Inn in Craig, Colorado, and that in the near future she intended to revisit that hotel's ORS "in order to test it for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the system to reserve a guest room and otherwise avail herself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Property." *Id.* at 875. In a declaration submitted in response to defendants' motion to dismiss in that case she stated that her niece lives in Colorado, she visits her there approximately once a year, and that "she 'plans to travel . . . there as soon as the Covid crisis is over and it is safe to travel.'" *Id*. (quoting the declaration). She added that "[w]hen she goes to Colorado she 'intend[s] to travel all throughout the State.'" *Id.*

The Tenth Circuit agreed with the district court's conclusion that Ms. Laufer had failed to plead a concrete and particularized injury. *Id*. The district court so concluded because Ms.

5

Laufer did not allege an intent to use the ORS to book an accessible room for her actual use. *Id*. The Tenth Circuit added that, like the plaintiff in *TransUnion LLC v. Ramirez*, Ms. Laufer failed to allege the "'downstream consequences' from failing to receive the required information" to make her injury concrete and particularized. *Id*. at 881 (quoting *TransUnion,* 141 S. Ct. 2190, 2214 (2021)).

This case is no different. Ms. Laufer alleged an informational injury but failed to allege what "downstream consequences" she will face from the loss of information. As in *Looper* she has not alleged that she intends to use the ORS at defendant's establishment to book an accessible room. Though she stated in her amended complaint that she planned to visit Colorado, including the Alamosa area, when the Covid crisis abates, she did not allege that she plans to stay at the hotel at issue in this suit. Similarly, her supplemental complaint fails to allege that she plans or ever planned to stay at the Dunes Inn. Though she visited Colorado in July 2021 and alleges that she intends to return in November 2022, she did not allege that she ever intended to stay at the Dunes Inn in her summer trip or that she intends to stay there in her upcoming trip. ECF No. 74 at 2. As the Tenth Circuit wrote in *Looper*, "although Ms. Laufer may have had a regulatory right to the information she sought here, she has not demonstrated that the defendants' failure to provide that information caused her to suffer an injury in fact." *Id*.

Ms. Laufer's argument that she has suffered an informational injury as an ADA tester is equally unavailing. She relies primarily on one United States Supreme Court and two Tenth Circuit cases for the proposition that testers may have standing to sue under both Title II and Title III of the ADA—*Havens Realty Corp. v. Coleman*, 455 U.S. 363, 368 (1982); *Tandy v. City of Wichit*a, 380 F.3d 1277, 1287 (10th Cir. 2004) (Title II); and *Colorado Cross Disability*

6

*Coalition v. Abercrombie & Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (Title III). However, none of these cases is analogous to Ms. Laufer's case.

In *Havens Realty*, one black tester and one white tester approached a real estate agent about renting property. *Havens Realty*, 455 U.S. at 368. The black tester was told that there were no units available, while the white tester was told that there were. *Id*. The Court found that the black tester did have sufficient injury to confer standing: she had standing to sue because she had "alleged injury to her statutorily created right to truthful housing information." *Id*. at 374. Ms. Laufer's situation is not analogous. Ms. Coleman, the black tester in *Havens Realty*, sued under the Fair Housing Act (FHA), which created a statutory right to truthful housing information. *Id*. That right was necessary to prevent racial discrimination, and Ms. Coleman was unable to get the information she sought because of her race.

Ms. Laufer was not denied information because she is disabled—rather, the information she sought was allegedly not available regardless of disability status. As the Tenth Circuit noted in *Looper*, Ms. Laufer's alleged injury is different than that suffered by Ms. Coleman—it was not an active misrepresentation based on animus. *See Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1005 (11th Cir. 2020) ("[T]he Fair Housing Act does not seek to vindicate some amorphous interest in receiving unusable housing information. Instead, it protects the weighty interest in not being subjected to racial discrimination, which can inflict a concrete injury on anyone who personally experiences it." (internal quotations omitted)). Because of the difference between the injury alleged by Ms. Laufer and the injury in *Havens Realty*, the two cases are not analogous on the question of standing.

*Tandy* and *Colorado Cross* are likewise not analogous to the present case on the question of standing. The plaintiffs in *Tandy* had suffered an actual injury because they had used or

7

intended on using the buses at issue in the suit. *Tandy*, 380 F.3d at 1287–89. Ms. Laufer has not alleged that she intends to visit the Dunes Inn. The plaintiff in *Colorado Cross* was a tester as well, but she alleged that she intended to return to the store at issue at least six times a year. *Colo. Cross,* 765 F.3d at 1211. The Tenth Circuit in *Colorado Cross* also made explicit that "the fact that 'tester standing' exists under Title III does not displace the general requirements of standing." *Id*. While *Tandy* and *Colorado Cross* stand for the idea that the motivation that caused the injury does not matter for purposes of determining standing, they did not create an exception to Article III standing requirements. Plaintiffs who consider themselves ADA testers must still have suffered an injury to have standing. Ms. Laufer has suffered no injury from the alleged violations because she has not alleged that she planned or plans to visit the Dunes Inn.

## ORDER

1. For the reasons stated above, plaintiff's motion for leave to file a supplemental complaint, ECF No. 74, is GRANTED.

2. Defendant's motion to dismiss, ECF No. 41, is GRANTED. This case is dismissed without prejudice.

DATED this 16th day of February, 2022.

BY THE COURT:

_____
R. Brooke Jackson
Senior United States District Judge